UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H.E. MOSELEY, et al.,<br><br>　　　　Defendants. | No.  2:25-cv-3223 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　Plaintiff is a state prisoner proceeding pro se with this civil action and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).

I.　　Three Strikes Analysis

　　　Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).  ECF No. 2. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1  28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded
2  from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three
3  frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook,
4  169 F.3d 1176, 1178 (9th Cir. 1999).

5  "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only
6  when, after careful evaluation of the order dismissing an action, and other relevant information,
7  the district court determines that the action was dismissed because it was frivolous, malicious or
8  failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a
9  district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is
10 frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint
11 is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of
12 the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v.
13 Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts
14 as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it
15 fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an
16 amended complaint" regardless of whether the case was dismissed with or without prejudice.
17 Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

18 Inspection of other cases filed by plaintiff has led to the identification of at least three
19 cases that qualify as strikes. The court takes judicial notice of the following lawsuits filed by
20 plaintiff:[1]

21   1. Calderon v. Bonta, No. 2:23-cv-1064 WBS KJN (E.D. Cal.) case dismissed on August
22      23, 2023, for failure to state a claim (ECF Nos. 12, 16));
23   2. Calderon v. Bonta, No. 2:23-cv-1971 DC CKD (E.D. Cal.) (case dismissed on
24      September 5, 2025, for failure to state a claim (ECF Nos. 33, 41)); and

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

3. <u>Calderon v. Bonta</u>, No. 23-2515 (9th Cir.) (appeal dismissed as frivolous on May 21, 2025 (Dkt. 21)).[2]

All of the preceding cases were dismissed in advance of the October 27, 2025 filing of the instant action,[3] and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v. Cervantes</u> (<u>Cervantes</u>), 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint," <u>Ray v. Lara</u>, 31 F.4th 692, 695 (9th Cir. 2022), and the allegations of such danger must be plausible, <u>Cervantes</u>, 493 F.3d at 1055 ("the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

The complaint alleges that numerous defendants, both named and unnamed, have violated plaintiff's rights over the past twenty-five years. ECF No. 1 at 6-7. The complaint includes a litany of allegations, many of which are made repeatedly. The allegations include, among other things, that plaintiff "is under some evil delusional unconstitutional experimental invasion of privacy torts;" defendants have used "professionally designed chemicals" on the food, water, and

---

[2] Dismissals of both a complaint and subsequent appeal in the same case count as separate strikes if both dismissals were for reasons listed in three strikes provision. See <u>Richey v. Dahne</u>, 807 F.3d 1202, 1208 (9th Cir. 2015) (counting district court dismissal and dismissal of subsequent appeal as separate strikes); see also <u>Coleman v. Tollefson</u>, 575 U.S. 532, 538 (2015) ("The in forma pauperis statute repeatedly treats the trial and appellate stages of litigation as distinct. (citing § 1915(a)(2), (a)(3), (b)(1), (e)(2), (g))).

[3] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing). Although the certificate of service indicates that the complaint was mailed on August 17, 2025 (ECF No. 1 at 61), the complaint was accompanied by a letter from plaintiff dated October 27, 2025 (ECF No. 1-1 at 1), and was received by the court on October 30, 2025.

air that cause deadly harm; he is being isolated from the outside world; he has unspecified medical conditions related to various parts of his body and does not receive "real health care;" he has been assaulted in the past; and "powerful gospel and T.V. radio media people" are trying to harm him. Id. at 5-30.  The allegations are largely vague and conclusory, do not allege any specific conduct by any specific individual, and are often not plausible.  To the extent plaintiff does allege any specific incidents, they appear to be discrete incidents, the most recent of which occurred approximately five months prior to the filing of the complaint. Id. at 14-15 (alleging he was assaulted by inmate in May), 27 (alleging assaults in April and December 2024).  None of plaintiff's many allegations demonstrate a plausible, imminent risk of serious physical injury at the time of filing, and the undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II.  Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint.  You have not shown that you were in imminent danger of serious physical injury, and so it is being recommended that your motion to proceed in forma pauperis be denied and you be required to pay the whole filing fee at one time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and

2.  Plaintiff be ordered to pay the entire $405.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 12, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE